**Clifford J. SCHEINER, Plaintiff–Appellant,**

v.

**NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Reinaldo Austin, Theodore Bania, Bonny Baron, Gene Becker, Randall Bloomfield, Audrey–Phillips Caesar, Louis Camilien, Devitt Elverson, James Fine, Edward Fishkin, Ronald Hartnet, Charles Hyman, Andrew Karlin, Louis**

Kohl, Ronald B. Lowe, Luis R. Marcos, Richard T. Meehan, Jr., Pedro Penha, Venkatesalu Rajagopal, James Reilly, Philip Rice, Martin Salwen, Thomas Scalea, Steven Seligman Constance Shames, Richard Sinert, Ian Shivack and Arnold Strashun, Defendant–Appellees.

No. 03–9215.

United States Court of Appeals, Second Circuit.

July 2, 2004.

Eugene B. Nathanson, New York, NY, for Appellant.

Grace Goodman, (Michael A. Cardozo, Corporation Counsel of the e City of New York, and Larry A. Sonnenshein, on the brief), New York, NY, for Appellee, of counsel.

PRESENT: WALKER, Chief Judge, B.D. PARKER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Clifford J. Scheiner appeals from a decision of the United States District Court for the Southern District of New York (Samuel Conti, *Judge,* sitting by designation) dismissing before verdict, under Fed.R.Civ.P. 50(a), a procedural due process claim asserted by Scheiner against defendant-appellee New York City Health and Hospitals Corporation ("HHC"). We affirm. Familiarity with the facts and procedural history is assumed.

On appeal, Scheiner, who brought suit against HHC and several individuals affiliated therewith following termination of his employment at Kings County Hospital Center in Brooklyn, New York, argues that there was evidence from which the jury could have concluded that HHC's policy or custom violated his procedural due process rights. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Accordingly, in his view, the district court erred in granting judgment as a matter of law in favor of HHC on the due process claim. We conclude, however, that any error embodied in that ruling was harmless.

88

Following the district court's decision on the Rule 50(a) motion, the jury found that none of the individual defendants had violated Scheiner's due process rights. Scheiner does not appeal the jury's verdict. But he argues that HHC could have been held liable for a due process violation even if none of its agents was found liable. That argument must be rejected, given the facts of this case. While "municipal liability for constitutional injuries may be found to exist even in the absence of individual liability," *Barrett v. Orange County Human Rights Comm'n*, 194 F.3d 341, 350 (2d Cir.1999), that is not so where, as here, the plaintiff's theory of liability focuses entirely on the actions of a single individual. *See id.* The only argument Scheiner makes under *Monell*—and the only one available, given the evidence—is that Dr. Luis Marcos, HHC's president, directly caused the due process injury, and that, because Dr. Marcos is a final policy-maker for HHC, the harm he caused could have been attributed to HHC. *See, e.g., Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 128 (2d Cir.2004) (outlining types of · *Monell* liability). But the jury concluded that Dr. Marcos did not violate Scheiner's due process rights. In light of that conclusion, any finding of liability against HHC under Scheiner's proffered *Monell* theory would have been insupportable.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.